**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr><td>

RUTH RAMOS,

    Plaintiff,

    v.

JETBLUE AIRWAYS CORPORATION,
PORT AUTHORITY OF NEW YORK /
NEW JERSEY, AIR SERV.
CORPORATION, PRIMEFLIGHT
AVIATION SERVICES, INC., JOHN
DOES 1-10, and ABC CORPS., 1-10,

    Defendants.

</td></tr>
</table>

Civ. No. 22-01214 (KM) (JBC)

**OPINION**

**<u>KEVIN MCNULTY, U.S.D.J.</u>:**

This matter comes before the Court on the motion (DE 4)[1] of Plaintiff Ruth Ramos to remand the removed action to state court. Ramos filed this civil action in the Superior Court of New Jersey, Law Division, Hudson County (Docket No. HUD-L-2372-21) on June 14, 2021, against Defendants JetBlue Airways Corporation ("JetBlue"), Port Authority of New York / New Jersey ("Port Authority"), the State of New Jersey, the City of Newark, the City of Elizabeth, the County of Essex, and the County of Union.[2] (DE 1-1.) On March 4, 2022, JetBlue filed its notice of removal, removing the case from state court. (DE 1.)

---

[1]    Certain citations to the record are abbreviated as follows:

   DE = docket entry

   Compl. = Complaint (DE 1-1)

   Mot. = Ramos's Brief in Support of the Motion to Remand (DE 4-1)

   Opp. = JetBlue's Brief in Opposition to Ramos's Motion to Remand (DE 6)

[2]    Prior to JetBlue's notice of removal, Ramos dismissed her claims against the City of Elizabeth (DE 1-9 p. 25), the County of Essex (*Id.* at 26), the City of Newark (*Id.* at 27), the State of New Jersey (*Id.* at 28–30), and the County of Union (*Id.* at 31). Following removal, Ramos amended her complaint to name two additional defendants: Air Serv. Corporation and Primeflight Aviation Services, Inc. (DE 18.)

JetBlue asserts that its removal was proper because Ramos's claims, although asserted under state law, are completely preempted by federal law and raise substantial federal questions that must be adjudicated in federal court. Ramos disagrees and seeks to remand the action, with an award of fees and costs. For the following reasons, the motion to remand is **GRANTED**, but the request for attorney's fees and costs is **DENIED**.

## I.   BACKGROUND

On July 8, 2020, Ramos fell and was injured while attempting to walk at the premises located at 3 Brewster Road, Newark, NJ (Newark Liberty International Airport). (Compl. ¶¶ 1–2.) As a result, Ramos suffered "great pain," incurred medical expenses, and suffered "permanent injury." (*Id.* ¶ 2.)

On June 14, 2021, Ramos filed her complaint in Hudson County Superior Court asserting four causes of action: negligent construction, maintenance, repair, and supervision (Count I); negligence (Count II); breach of (unspecified) regulations that constitute a statutory tort (Count III); and negligence in fulfilling and executing agreements and circumstances to allow Ramos to be safely transported (Count IV).

On February 3, 2022, Ramos served her Certified Answers to Form A and Supplemental Interrogatories, in which she provided these additional facts:

> On or about July 8, 2020, I was at Newark Airport due to my incoming flight from Orlando, Florida via JetBlue. When I arranged my flight with JetBlue, I specifically checked and noted that I needed assistance for transportation. JetBlue was clearly aware of my need for assistance given I made the request directly through them and further the confirmation I received from JetBlue says, "Meet and Assist, Needs wheelchair, can[e]." However, when I arrived in Newark, there was no one meeting me, no one assisting me, no wheelchair provided, and no cane provided. I even asked for assistance since there still was none and I was not accommodated by anyone. Therefore, even though I arranged for transportation through JetBlue and no one assisted me upon arrival—whether JetBlue, someone from the Port Authority, or anyone—I was forced to walk without any help or assistance despite Defendants knowing I needed walking assistance. I then proceeded down the stairs to baggage claim, not to pick up a bag but because my sister was

2

> supposed to pick me up by door #2. My sister couldn't get access
> to Door #2 due to it being blocked by Newark Airport for an
> unknown reason, so I had to walk inside the terminal to get to
> Door #6 when I tripped and fell.

(DE 1-9 p. 80.) When asked to identify any "statute, rule, regulation or ordinance" at issue, Ramos objected on the basis that the question was "legal in nature and is, therefore, outside the scope of Plaintiff's personal knowledge." (DE 1-9 p. 85.) With specific reference to Count III, JetBlue requested a copy of the "statutes, regulations, and/or policies" at issue, to which Ramos again objected, this time asserting that the request called for "expert opinion." (DE 1-9 p. 87).

Based on those interrogatory responses, JetBlue inferred that Ramos's claims arose under federal law, specifically the Air Carrier Access Act, 49 U.S.C. § 41705 (the "ACAA"), and the related federal regulation, 14 C.F.R. § 382.91. On March 4, 2022, JetBlue, with Port Authority's consent, filed its notice of removal based on federal question jurisdiction, 28 U.S.C. § 1331. (DE 1.) Ramos then filed a motion to remand, which JetBlue opposed. (DE 4, 6.)

## II.   STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A party's right to remove a civil action is "determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A complaint's "mere allusion" to federal law, or a "passing reference" to a federal statute, does not present a federal question that arises under federal law for purposes of determining subject matter jurisdiction. *Hunter v. Greenwood Tr. Co.*, 856 F. Supp. 207, 214 (D.N.J. 1992)

(citing *Bacardi v. Bacardi Corp.*, 677 F. Supp. 253, 256 (D. Del. 1988)); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 913 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). Thus, a party bringing a claim is "the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

There are exceptions to the "well-pleaded complaint" rule. "Federal jurisdiction may exist where the complaint alleges only state law claims if 'federal law completely preempts a state law claim or where a state law claim raises a substantial embedded federal issue that can be addressed by the federal courts without disturbing congressional intent.'" *Parrish v. The Arc of Morris Cnty., LLC*, 193 F. Supp. 3d 425, 430 (D.N.J. 2016) (quoting *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 411 (3d Cir. 2015)).

A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Removal is "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004). The removing party bears the burden of showing that removal is appropriate. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

## III.    DISCUSSION

JetBlue argues that the court has subject matter jurisdiction over this action for two reasons. First, Count III of Ramos's complaint is completely preempted by the ACAA. Second, because the Count IV negligence claim requires application of the ACAA regulation to define the duty of care, it raises a substantial issue of federal law that must be decided in federal court. Ramos counters that the notice of removal is untimely because JetBlue did not remove within thirty days of learning of the basis for removal, as required under 28 U.S.C. § 1446. Alternatively, Ramos asserts that federal law does not preempt

her negligence claims.[3] Ramos also seeks an award of attorney's fees and costs for her time and effort addressing JetBlue's notice of removal.

## A. Timeliness

I first address the timeliness of JetBlue's notice of removal. A defendant must generally file a notice of removal "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). A defendant may alternatively remove a state action within thirty days of receipt or service of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The court gives the term "other paper" "an 'embracive construction' to include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts." *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 465–66 (D.N.J. 2013) (collecting cases). However, an oral statement made in an informal setting without any transcription or simultaneous reduction to writing is generally insufficient to place the defendant on notice. *See Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 612–14 (D.N.J. 2001).

Ramos asserts that she first placed JetBlue on notice of the potential basis for removal in her initial complaint. (Mot. p. 3.) I disagree. Ramos's complaint contains very few facts and does not specify which laws or regulations JetBlue may have violated. I find nothing within the complaint that would place JetBlue on notice of the existence of a federal claim.

Ramos alternatively argues that JetBlue was placed on notice during a phone conversation between counsel in October 2021. (Mot. p. 3.) This informal

---

[3]     Ramos argues that the Airline Deregulation Act, 49 U.S.C. § 41713 (the "ADA"), does not preempt her negligence claims. JetBlue does not dispute Ramos's argument; instead, JetBlue states that it relies only on the ACAA and its regulations, and not the ADA, as the basis for removal. (Opp. pp. 14–15.) Because it is JetBlue's burden to show why removal was proper, I do not address Ramos's arguments under the ADA.

oral communication is insufficient. *See Entrekin*, 146 F. Supp. 2d at 612–14. Ramos's interrogatory responses, however, were sufficient to place JetBlue on notice of its asserted basis for removal. *See Costa*, 936 F. Supp. 2d at 465–66. JetBlue received Ramos's interrogatory responses on February 3, 2022, and filed its notice of removal on March 4, 2022, within the thirty-day time period. Therefore, I find that JetBlue's notice of removal is timely.

### B. The ACAA and Negligence Claims

#### 1. The ACAA, *Abdullah*, and *Elassaad*

Before discussing the merits of the remand motion, it is helpful to review the Air Carrier Access Act and two Third Circuit cases thereunder.

In 1986, Congress enacted the Air Carrier Access Act as an amendment to the Federal Aviation Act. Under the ACAA, an air carrier, in the course of providing air transportation, may not "discriminate against an otherwise qualified individual" on the basis of disability. 49 USC § 41705. The goal of the ACAA is to ensure "respect and equal treatment for disabled airline passengers." *Elassaad v. Indep. Air, Inc.*, 613 F.3d 119, 132 (3d Cir. 2010). The Department of Transportation also issued ACAA regulations, further addressing nondiscrimination on the basis of disability in connection with air travel. Most pertinent here are the ACAA itself and an accompanying regulation that requires an air carrier to "provide or ensure the provision of assistance requested by or on behalf of a passenger with a disability . . . in moving from the terminal entrance (or a vehicle drop-off point adjacent to the entrance) through the airport to the gate for a departing flight, or from the gate to the terminal entrance (or a vehicle pick-up point adjacent to the entrance after an arriving flight)." 14 C.F.R. § 382.91(b).

The Third Circuit addressed the preemption of state-law claims under the FAA and the ACAA in two key cases. Although both involve ordinary

preemption principles and do not address complete preemption as such, they are instructive to the analysis.[4]

First, in *Abdullah v. Am. Airlines, Inc.*, passengers aboard an aircraft sustained injuries due to severe turbulence during the flight. 181 F.3d 363, 365 (3d Cir. 1999). The passengers filed suit in federal court, alleging negligence for failure to take reasonable precautions to avoid, and failure to warn the passengers about, the turbulence. *Id.* At issue was whether the FAA preempted the standard of care for air safety, but nevertheless allowed for state or territorial damage remedies. *Id.* at 364. The Court answered both issues in the affirmative and concluded that, "because of the need for one, consistent means of regulating aviation safety, the standard applied in determining if there has been careless or reckless operation of an aircraft, should be federal; state or territorial regulation is preempted." *Id.* at 372. However, damages could still be recovered based on state or territorial laws. *Id.* at 368.

Next, in *Elassaad v. Independence Air Inc.*, Joseph Elassaad, an individual with an amputated right leg who relied on crutches to walk, attempted to exit from an aircraft using the stairs, lost his balance, and suffered severe injuries. 613 F.3d at 122. Elassaad filed suit, alleging *inter alia* that the airline was negligent in failing to assist Elassaad when he disembarked from the plane. *Id.* The airline argued that the ACAA and its regulations preempted the negligence claim or, alternatively, that the ACAA provided the standard of care for that negligence claim, pursuant to *Abdullah. Id.* at 124. The Third Circuit disagreed; it held that federal law did not preempt the common law negligence claim and that *Abdullah* did not apply. *Id.* at 124.

The Third Circuit first considered the effect of the FAA regulations. It clarified that *Abdullah* considered only the applicable standard of care, not the

---

[4]     Ordinary preemption principles—express, field, and conflict preemption—are defenses distinct from the complete preemption analysis relevant to federal jurisdiction in this context. *See City of Hoboken v. Chevron Corporation*, 45 F.4th 699, 707 (3d Cir. 2022); *Metropolitan Edison Co. v. Pa. Public Utility Com'n*, 767 F.3d 335, 362 (3d Cir. 2014); discussion in Section III.B.2, *infra.*

preemption of the entire negligence claim. Critically, the Court wrote, *Abdullah* focused exclusively on safety "while a plane is in the air, flying between its origin and destination." *Id.* at 127. The Court recognized more generally that most of the FAA regulations concerned "aspects of safety that are associated with flight." *Id.* at 128. Because Elassaad was injured when leaving a plane that had already landed, *Abdullah* did not apply. Because the disembarkation of passengers was "neither specifically regulated by federal law nor clearly governed by a general federal standard of care," the Court held that the FAA and its regulations did not preempt the standard of care in Elassaad's negligence action. *Id.* at 131. Additionally, state law governed the other elements of the negligence action, including breach, causation, damages, and the choice and availability of remedies. *Id.* at 125.

The Third Circuit then considered the ACAA itself. The ACAA, it held, did not independently preempt Elassaad's negligence claim. *Id.* at 131. Elassaad did not allege that the airline "violated any of its obligations under the ACAA," nor did he "suggest that discrimination played any role in its conduct toward him." *Id.* at 132. Instead, Elassaad alleged that the airline was negligent in failing to provide a means to safely exit the aircraft "given his physical condition and need to use crutches." *Id.* The Third Circuit recognized that the ACAA "might preempt state *nondiscrimination* laws as they apply to *discrimination* by air carriers against disabled passengers," but did not preempt all state laws concerning interactions between an air carrier and a disabled passenger. *Id.* (emphasis added).

### 2. Complete Preemption

With those background principles in mind, I turn to the issue of whether the doctrine of complete preemption requires that Ramos's negligence claims be treated as federal for purposes of removal and remand.

Under the doctrine of complete preemption, when federal law completely preempts a state law cause of action, a claim within the scope of that federal law is deemed federal in nature, even if it is pleaded in terms of state law, and

it is therefore removable under 28 U.S.C. § 1441. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). A federal statute is completely preemptive if it "provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 407 (3d Cir. 2021). "Complete preemption is rare." *Id.* at 408. The Supreme Court has identified only three statutes that can transform a state-law claim into a federal one. C*ity of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022) (referring to ERISA, the National Bank Act, and the Labor-Management Relations Act). None of those three statutes are implicated here.

JetBlue argues that Count III of the complaint, which alleges that "there was a breach of regulations that constitutes a statutory tort," is completely preempted by the ACAA. (Op. p. 9.) JetBlue asserts that the ACAA "governs discrimination against handicapped individuals by air carriers" and "substantially if not completely, occupies the field of nondiscrimination on the basis of handicap in air travel." (*Id.* at 9, 10-11.) For support, JetBlue relies on the Third Circuit's statement in *Elassaad* that "the ACAA might preempt state nondiscrimination laws as they apply to discrimination by air carriers against disabled passengers." (*Id.* at 11 (quoting *Elassaad*, 613 F.3d at 132).)

The isolated statement from *Elassaad* on which JetBlue rests its argument does not apply because Ramos, as she adamantly maintains, has not raised a discrimination claim. In *Elassaad*, the Third Circuit held that the ACAA did not preempt the plaintiff's negligence claim because the plaintiff neither claimed that the airline violated the ACAA nor suggested that discrimination played a role in the airline's conduct toward him. Instead, he alleged that, given his physical infirmities, the airline was negligent in failing to assist him when he disembarked from the airplane. As in *Elassaad*, Ramos has not suggested in her complaint or interrogatory responses that her claim is based on a violation of the ACAA or an act of discrimination. Ramos's

9

complaint and motion to remand state that JetBlue was negligent.[5] (*See* Mot. pp. 4, 13–14, 18.) Although the facts of Ramos's case *could* possibly support other claims, she is the "master of the complaint," and the law or regulation upon which she will rely is for her to decide. *See Caterpillar Inc.*, 482 U.S. at 398–99 ("[T]he plaintiff is the master of the complaint [and] . . . may, by eschewing claims based on federal law, choose to have the cause heard in state court."). I will not infer that a federal law or state discrimination law is at issue when no discrimination is alleged by Ramos. *See City of Hoboken*, 45 F.4th at 707 ("If plaintiffs say their claims are state-law claims, we almost always credit that.").

Nor can JetBlue satisfy the other requirements of complete preemption. JetBlue briefly refers to the FAA's "administrative remedy scheme" to show that there is a federal cause of action available for violation of the ACAA. (Opp. pp. 12–13 n.1.) However, complete preemption requires that the statute provide the *exclusive* cause of action, not just that a federal cause of action is available. Congress has not expressed a "clear and manifest" intent to supersede state tort law in this area or to leave "no room for state regulation" of negligence claims against airlines, *Elassaad*, 613 F.3d at 132, and I "will not presume that Congress, in creating an administrative remedy, intended to make state-law negligence claims removable to federal court," *see Maglioli*, 16 F.4th at 407.

Accordingly, I conclude that the ACAA and its regulations do not completely preempt Ramos's negligence claim in Count III, and JetBlue cannot establish federal question jurisdiction on this basis.[6]

---

[5]     For similar reasons, JetBlue's reliance on *Brown v. Alaska Air Grp., Inc.*, No. 11-cv-0091, 2011 WL 2746251 (E.D. Wash. July 14, 2011), is inapposite. In *Brown*, the plaintiff specifically alleged a violation of the ACAA and the state's law against discrimination, along with negligence and breach of contract. *Id.* at *1. The *Brown* Court held that the ACAA did not preempt the negligence claim but did preempt the state-law discrimination claim. *Id.* at *4–*5. In contrast, Ramos has only alleged negligence claims.

[6]     I cannot complete the discussion, however, without observing that the issue of removal arose only as a result of Ramos's vague pleading of Count III and her

### 3. Substantial Federal Question

For a substantial federal question to exist, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Maglioli*, 16 F.4th at 413 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). This is a "special and small" category of cases. *MHA LLC*, 629 F. App'x at 412.

JetBlue asserts that Count IV of the complaint, "negligen[ce] in fulfilling and executing agreements and circumstances to allow Plaintiff be safely transported," requires the resolution of a substantial federal question: namely, whether JetBlue breached a duty of care by falling short of its obligations under 14 C.F.R. § 382.91(b). (Opp. p. 13.) JetBlue says little else, and fails to address any of the required factors to show that a substantial federal question exists.

JetBlue simply assumes that the duty of care for Ramos's negligence claim in Count IV is defined by the ACAA regulation found at 14 C.F.R. § 382.91(b). As discussed above, however, Ramos does not rely on the ACAA regulation and states that her claims are based on general negligence principles. JetBlue's contention is also contrary to the Third Circuit's conclusion in *Elassaad* that state law, and not the ACAA, supplied the controlling standard of care for the plaintiff's non-airborne negligence claims. 613 F.3d at 133 & n.20.

Alternatively, even if the ACAA regulation did furnish the standard of care for Count IV, I would conclude that no substantial federal question

---

counsel's steadfast refusal, in interrogatory answers, to identify any particular "statute, rule, regulation or ordinance" to which Count III might be referring. I assume, without deciding, that the state court on remand will not permit Ramos to play peekaboo with her allegations for much longer, and that any attempt to repudiate her representations to this court that she is not relying on federal law will face a formidable objection based on, *e.g.,* estoppel. Any such explicit invocation of federal law might also have the effect of restarting the 30-day clock for a notice of removal. *See* Section III.A, *supra.*

existed.[7] Applying a federal standard of care in a state tort claim is generally insufficient to raise a substantial federal question. A federal forum is available only when "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005). Generally speaking, "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Merrell Dow Pharms. Inc.*, 478 U.S. at 814 (1986).

### C. Attorney's Fees

Finally, 28 U.S.C. § 1447(c) grants to me discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Ramos argues that JetBlue lacked an objective basis for removal because she did not plead under the ACAA regulation and her negligence case has always been a matter for the state court. (Mot. at 18.) Although Ramos did not assert in so many words that JetBlue violated the ACAA, the ACAA regulation could have been relevant to her negligence claims. *See Elassaad*, 613 F.3d at 133 n.20. (*See also* Mot. p. 4.) Therefore, I find that JetBlue had a colorable, if ultimately incorrect, claim of federal jurisdiction at the time of removal. I also cannot ignore the part that Ramos's own, seemingly willful, vagueness played. *See* pp. 10–11 n.6, *supra*. For that reason, I decline to award counsel fees and costs in connection with JetBlue's improper removal.

---

[7]       This holding is consistent with other courts that have addressed this issue. *See Est. of Kekona by Bloyed v. Alaska Airlines, Inc.*, No. 18-cv-0116, 2019 WL 1772302, at *2 (W.D. Wash. Apr. 23, 2019) (concluding that applying the ACAA regulation as the standard of care in the plaintiff's state-law claim did not raise a substantial federal question); *Callahan v. Sw. Airlines Co.*, No. 18-cv-10563, 2018 WL 5849476, at *6-*7 (D. Mass. Sept. 26, 2018), *report and recommendation adopted*, 2018 WL 5846819 (D. Mass. Nov. 7, 2018) (same); *Stevens ex rel. Maxymuik v. Moore*, No. 14-cv-1701, 2015 WL 1637953, at *5 (E.D. Cal. Apr. 13, 2015), *report and recommendation adopted*, 2015 WL 13657180 (E.D. Cal. May 6, 2015) (same); *Baugh v. Delta Air Lines, Inc.*, No. 14-cv-2551, 2015 WL 761932, at *14 (N.D. Ga. Feb. 23, 2015) (same).

13

## IV.    CONCLUSION

For the reasons set forth above, the motion to remand is granted, but plaintiff's request for attorney's fees and costs is denied. A separate order will issue.

Dated: October 13, 2022

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**